UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DOUGLAS HOWLAND, ET AL.                    CIVIL ACTION

VERSUS

                                                                                      NO. 15-780-JJB-RLB

ROLANDO FERNANDEZ, ET AL.

## NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

      **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

      Signed in Baton Rouge, Louisiana, on June 2, 2016.

                                                                                                 **RICHARD L. BOURGEOIS, JR.**
                                                                                                 **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DOUGLAS HOWLAND, ET AL.**                                   CIVIL ACTION

**VERSUS**
                                                              NO. 15-780-JJB-RLB
**ROLANDO FERNANDEZ, ET AL.**

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand. (R. Doc. 10).  Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f).  Defendants have not filed an opposition as of the date of this Report and Recommendation.  The Motion is therefore unopposed.

I.      Background

On October 20, 2015, Douglas Howland, Clyde Howland and William Craig ("Plaintiffs") filed this action in 20th Judicial District Court, East Feliciana Parish, Louisiana, naming as defendants Rolando Fernandez, OOIDA Risk Retention Group, Inc., Blardoni and Milton LLC, and BMJ Corporation ("Defendants"). (R. Doc. 1-4 at 1-4, "Petition").  Plaintiffs allege that Clyde Howland and William Craig were in a vehicle owned by Douglas Howland when it was struck by a commercial truck that was operated by Rolando Fernandez, owned by either BLMJ Corporation or Blardoni and Milton LLC, and insured by OOIDA Risk Retention Group, Inc. (Petition, ¶¶ 3-4).  Plaintiffs allege that Douglas Howland's vehicle "sustained serious damage." (Petition, ¶ 5).  Plaintiffs allege that Clyde Howland and William Craig have sustained past, present, and future "physical pain, physical suffering, bodily injury and scarring"; "mental and emotional distress"; "mental pain, anguish, anxiety, nervousness and depression";

1

and "medical expenses." (Petition, ¶¶ 6-7). Plaintiffs did not pray for a jury trial.

On November 19, 2015, Defendants removed this action, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over this action. (R. Doc. 1). Defendants allege that Clyde Howland and William Craig each alleged damages exceeding $75,000. (R. Doc. 1 at 2-3). Defendants allege that there is complete diversity because the Plaintiffs are all citizens of Louisiana and the Defendants are citizens of Vermont, Missouri, or Florida. (R. Doc. 1 at 1-2; R. Doc. 9). Defendants also allege that the Court has supplemental jurisdiction over Douglas Howland's claim for property damage to his vehicle pursuant to 28 U.S.C. § 1367. (R. Doc. 1 at 3).

On April 13, 2016, Plaintiffs moved to remand on the basis that the Court lacks diversity jurisdiction because no individual Plaintiff has alleged injuries greater than the jurisdictional amount. (R. Doc. 10).

On May 16, 2016, Douglas Howland filed a "Suggestion of Death and Unopposed Motion to Substitute Plaintiff," indicating that Clyde Howland died on February 25, 2016 (R. Doc. 11). This motion does not indicate that Mr. Howland died from any injuries related the automobile accident at issue.[1]

## II.   Arguments of the Parties

Plaintiffs argue that Defendants have not met their burden of establishing the amount in controversy requirement is satisfied. (R. Doc. 10 at 3-5). Plaintiffs assert that, based upon certain attached affidavits, medical bills, and vehicle repair quotes, "[t]he parties have finished treating with all physicians and the damages sustained in this case, in the worst case scenario shall be $48,000." (R. Doc. 10 at 5).

---

[1] The undersigned will defer ruling on this motion until the instant jurisdictional issue is resolved.

Defendants did not raise any arguments in support of jurisdiction.

**III.    Law and Analysis**

   **A.    Legal Standards**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").  Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).  If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B).  Louisiana law provides that "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." La. Code Civ. P. art. 862.  Furthermore, in Louisiana state court, plaintiffs are generally

3

prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1).  This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . . ." La. Code Civ. P. art. 893(B).  Plaintiffs are also required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*.  If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

    **B.**    **Analysis**

There is no dispute that there is complete diversity.  Accordingly, the only issue with regard to whether the Court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for

the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

    Here, the Petition does not provide sufficient facts for determining the severity of Plaintiffs' injuries. The Petition alleges that "[a]s a result of this accident, the vehicle owned by Plaintiff, Douglas Howland, sustained serious damage." (Petition, ¶ 5). The Petition alleges that Clyde Howland and William Craig have sustained "serious personal injuries which include, but is not limited to . . . pain and suffering, bodily injury, scarring, mental and emotional distress, mental pain, anguish and medical expenses." (Petition, ¶¶ 6-7). In short, Plaintiffs seek recovery for broad categories of damages typically alleged in a personal injury action without providing any detail regarding their alleged injuries. Without any additional detail, the Court is unable to quantify the potential amount of recovery for any of these categories with regard to any individual plaintiff. In the absence of additional factual assertions regarding the extent or nature

5

of the actual physical injuries suffered, the Petition does not provide enough information for the Court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

As the amount in controversy requirement is not facially apparent, the Court will turn to whether the parties have submitted facts in controversy supporting a finding of the jurisdictional minimum.

Defendants have not submitted any summary judgment type evidence or otherwise identified any facts in controversy in support of their assertion upon removal that the amount in controversy requirement is satisfied.

Plaintiffs, on the other hand, provide a medical report indicating that Clyde Howland suffered from "Brachial neuritis or radiculitis NOS, Cervicocranial syndrome and Spasm of muscles" and incurred $2,711 in medical expenses (R. Doc. 10-3 at 2-3). Plaintiffs provide another medical report indicating William Craig suffered from "Lumbago, Cervicocranial syndrome, and Spasm of muscles" and incurred $3,121 in medical expenses (R. Doc. 10-3 at 5). Plaintiffs provide an affidavit by the treating chiropractor stating that no additional treatment was necessary for these individual plaintiffs. (R. Doc. 10-2). Plaintiffs also provide an estimate of the property damage sustained by Douglas Howland's vehicle totaling $10,665.02. (R. Doc 1-4 at 4).

Based on the foregoing, Defendants have not met their burden of establishing that the amount in controversy requirement is satisfied. Accordingly, the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. §1332(a).

**IV.** **Conclusion**

**IT IS RECOMMENDED** the Plaintiff's Motion to Remand (R. Doc. 10) be **GRANTED**, and the case be **REMANDED** to the 20th Judicial District Court, East Feliciana Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on June 2, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**